UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NONNIE MARCELLA LOTUSFLOWER,

Plaintiff,

v.

CHARLOTTE HEADLEY, *et al*.,

Defendants.

Case No. C23-5558-JCC-SKV

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND STRIKING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff, who is currently confined at the Washington Corrections Center for Women ("WCCW"), is proceeding with this action *pro se* and *in forma pauperis*. On June 22, 2023, Plaintiff submitted to this Court for filing a wide-ranging civil rights complaint alleging violations of her federal constitutional rights under the Eighth and Fourteenth Amendments. *See* Dkts. 1-1, 5. After reviewing Plaintiff's complaint, this Court concluded that the pleading lacked sufficient clarity and factual support to state a plausible claim for relief against any of the 45 Defendants named therein. Thus, on July 28, 2023, this Court issued an Order declining to serve Plaintiff's complaint and granting her leave to file an amended complaint correcting various deficiencies. Dkt. 6.

On August 1, 2023, Plaintiff submitted a number of motions to the Court for consideration, including a motion for appointment of counsel (Dkt. 8), a motion for preliminary injunctive relief (Dkt. 9), and a motion for an Order directing the Washington Department of Corrections ("DOC") to produce documents necessary to support Plaintiff's request for preliminary injunctive relief (Dkt. 7).  The Court, having now reviewed each of Plaintiff's motions, hereby finds and ORDERS as follows:

(1)     Plaintiff's motion for appointment of counsel (Dkt. 8) is DENIED.  Plaintiff is advised that there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in support of her motion that the Court should appoint counsel in this matter because she is housed in the close observation area at WCCW where she has no access to a law library and therefore cannot cite to case law or properly format her legal documents.  Dkt. 8 at 1.  Plaintiff also argues that appointment of counsel is warranted because she will be having hand surgery sometime during the month of August 2023 that will make it impossible for her to write for a period of time, and because she will be having another major surgery in October 2023 that will cause her to be separated from her legal materials for a number of weeks.  *Id*. at 2.

Finally, Plaintiff argues in support of her motion that this case is extremely complex, that there will be a need for expert testimony, that she has a learning disability and an illness that can interfere with her ability to do legal work, and that the case has merit and is extremely likely to succeed. *See id*. at 2-3.

None of the arguments raised by Plaintiff reveals any extraordinary circumstances warranting appointment of counsel at this stage of the proceedings. At this juncture, the only thing required of Plaintiff is that she draft and submit a proposed amended complaint. Her submissions to date suggest that she is capable of doing so without assistance. As to her concern regarding lack access to a law library, Plaintiff is advised that citation to case law is not required in a pleading and the Court, in its Order declining to serve Plaintiff's original complaint, has provided Plaintiff with the standards applicable to the claims it appears she is attempting to assert in this action. Thus, Plaintiff's inability to readily access a law library at this point should not be an impediment to her taking the necessary next steps in this action. To the extent Plaintiff asserts that upcoming surgeries will interfere with her ability to write and to access her legal work, such obstacles can be managed by granting appropriate extensions of time should they interfere with Plaintiff's ability to meet established deadlines.

With respect to the complexity of this action, the Court is not persuaded that this action is as complex as Plaintiff made it appear in her original pleading. Plaintiff should be able to clarify and simplify her claims if she follows the guidance provided by the Court in its Order declining to serve her original complaint, which should ultimately make it easier for her to litigate this action. Finally, the Court observes that questions as to whether expert testimony might be required at some point, and therefore necessitate the appointment of counsel, and whether

Plaintiff is likely to succeed on the merits of her claims, cannot be answered based on the current record. Plaintiff must first submit a pleading containing viable claims for relief before any analysis with respect to these issues can be undertaken.

Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that her case involves exceptional circumstances which warrant the appointment of counsel.

(2) Plaintiff's motions for preliminary injunctive relief (Dkt. 9), and for an Order directing the DOC to produce documents necessary to support the motion for preliminary injunctive relief (Dkt. 7), are STRICKEN. Because Plaintiff has yet to submit a viable pleading in this action, any request for injunctive relief is premature. Once Plaintiff has filed a pleading which adequately alleges viable claims for relief, she may renew her motion for injunctive relief should she determine it is appropriate to do so.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable John C. Coughenour.

DATED this 15th day of August, 2023.

S. KATE VAUGHAN
United States Magistrate Judge