UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NONNIE MARCELLA LOTUSFLOWER, <br><br>  Plaintiff, <br><br> v. <br><br> CHARLOTTE HEADLEY, *et al.*, <br><br>  Defendants. | Case No. C23-5558-JCC-SKV <br><br> REPORT AND RECOMMENDATION |

### I.   INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Nonnie Lotusflower is a state prisoner who is currently in the custody of the Washington Department of Corrections ("DOC"). She alleges in her amended complaint violations of her Eighth Amendment right to be free from cruel and unusual punishment and her Fourteenth Amendment rights to due process and equal protection, all arising out of her confinement at the Washington Corrections Center for Women ("WCCW"). Dkt. 12. She also alleges that Defendants conspired together to violate these rights. *See id*.

Plaintiff identifies eleven WCCW employees as Defendants in her amended complaint, including: Superintendent Charlotte Headley; Assistant Superintendents Hall and Figuera;

REPORT AND RECOMMENDATION
PAGE - 1

Alishia McColl; Lieutenant Simmons; Sergeant Boschulte; Custody Unit Supervisor ("CUS") Avalava; CUS Whittamore; Officer K. Riley; Mr. Benson; and Ms. Franklin. *Id*. at 6. Plaintiff also identifies four members of the DOC Headquarters staff as Defendants, including: Secretary Cheryl Strange; K. Rainer; B. Bowen; and C. Newton. *Id*. Finally, Plaintiff identifies four former WCCW employees as Defendants, including: Officer Mathews; Assistant Superintendents Chanler and Swain; and Superintendent Cotton. *Id*.

The Court, having reviewed Plaintiff's amended complaint, concludes that Plaintiff has alleged viable Eighth Amendment claims against Defendants Headley, Chanler, Swain, and Mathews, and this Court therefore recommends that Plaintiff be permitted to proceed on those claims. The Court further recommends that all remaining claims against all remaining Defendants be dismissed, prior to service, as Plaintiff has not adequately alleged any additional claims upon which relief may be granted.

## II.    DISCUSSION

Plaintiff submitted her original complaint to the Court for filing on June 22, 2023. *See* Dkt. 1-1. After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not adequately alleged a cause of action against any of the Defendants named therein. Thus, on July 28, 2023, the Court issued an Order declining to serve Plaintiff's complaint and granting her leave to file an amended complaint correcting a number of specified deficiencies. Dkt. 6. Plaintiff filed an amended complaint on August 23, 2023, and she identifies therein five claims for relief. Dkt. 12.

Plaintiff alleges in count one of her amended complaint that Defendants Headley, McColl, Boschulte, and Simmons violated her Eighth Amendment right to be free from cruel and unusual punishment when they conspired to place her in segregation based on false infractions,

knowing that she suffers from mental illness and that she has a documented history of trauma and PTSD related to solitary confinement.  *See* Dkt. 12 at 7-8, 10-12.  Plaintiff claims that Defendants demonstrated deliberate indifference to her mental health and safety, and disregarded an excessive risk of self-harm and suicide.  *See id*. at 12.

Plaintiff further alleges in the count one that Defendant Headley was deliberately indifferent to a substantial risk of serious harm when she directed that Plaintiff be placed in a strip cell and suicide smock.  Dkt. 12 at 9-10, 12.  Plaintiff claims that because of her severe mental illness she has in place an Individual Behavior Management Plan ("IBMP") designed to keep her safe when she is placed on segregation status.  *See id*. at 8-9.  According to Plaintiff, security and mental health staff worked together to develop the IBMP, and Defendant Headley was a part of that process.  *Id*. at 9.  Plaintiff asserts that members of the mental health staff advised Defendant Headley that the IBMP needed to be followed or it could result in serious injury to Plaintiff or death.  *Id*. at 9-10.  Plaintiff further asserts that Defendant Headley overrode the IBMP when she had Plaintiff placed in a strip cell and suicide smock, despite the warnings from the mental health staff, and that this caused her to self-harm and to attempt suicide.  *Id*. at 10-12.

Plaintiff alleges in count two of her amended complaint that Defendants Headley, McColl, Boschulte, Avalava, and Hall violated her Fourteenth Amendment rights when they failed to afford Plaintiff procedural due process in relation to a prison disciplinary hearing.  Dkt. 12 at 13-17, 19.  Plaintiff asserts that Defendants Headley, McColl, and Boschulte denied her evidence that DOC policy required be collected for the hearing process.  *See id*. at 13, 19.  In particular, Plaintiff claims that Defendants purposely destroyed a video which would have shown the assault she was accused of did not happen, and that they purposely hid or destroyed witness

REPORT AND RECOMMENDATION
PAGE - 3

statements relating to the incident in question, thereby denying her a fair hearing. *Id*. at 13-14, 19.

Plaintiff further asserts that Defendant Avalava, in conducting Plaintiff's disciplinary hearing, lied about the content of certain evidence, and failed to acknowledge evidence favorable to her. *See* Dkt. 12 at 14-15, 19. Plaintiff also claims that Defendant Avalava violated DOC policy when he failed to have a mental health evaluation conducted prior to the disciplinary hearing and that he improperly reviewed the evidence with Defendant McColl outside of Plaintiff's presence. *Id*. at 15-16. Finally, Plaintiff asserts that Defendant Hall did not respond to her appeal of the disciplinary decision in a timely fashion and did not adequately address the issues she raised on appeal. *Id*. at 16-17, 20.

Plaintiff also alleges in count two that Defendants Riley and Whittamore violated her Fourteenth Amendment right to procedural due process when they failed to provide her documents to which she was entitled prior to her administrative segregation hearing and failed to conduct the hearing by the established deadline. *See* Dkt. 12 at 17-19. Plaintiff also asserts that Defendant Headley failed to respond to two of four appeals she submitted in relation to the administrative segregation hearing. *Id*. at 18, 20.

Plaintiff alleges in count three of her amended complaint that Defendants Chanler, Swain, and Cotton violated her Eighth Amendment rights when they failed to adequately respond to her reports that she was being sexually abused by Defendant Mathews and thus allowed the sexual assaults to continue. Dkt. 12 at 21-23. Plaintiff claims that Defendants Chanler, Swain and Cotton were obligated to protect her and keep her safe but failed to do so, causing her to self-harm and attempt suicide. *See id*. at 22-24. Plaintiff further alleges in count three that Defendant Mathews was deliberately indifferent to her safety when he used his position as a correctional

officer to sexually abuse Plaintiff and to force her to perform sexual acts against her will. *Id*. at 22, 24.

Plaintiff alleges in count four of her amended complaint that Defendants Headley, Hall, McColl, Figuera, Riley, Whittamore, Boschulte, Franklin, Benson, Avalava, and Simmons conspired to violate her rights under the Eighth and Fourteenth Amendments. *See* Dkt. 12 at 25-29. Specifically, Plaintiff asserts that Defendants conspired to set her up on false assault and rape infractions, to deny her a fair disciplinary hearing, and to deny her administrative segregation hearings. *See id*. Plaintiff further asserts that Defendants conspired to target and discriminate against her based upon her transgender status, and that they conspired to deprive her of a fully informed PREA (Prison Rape Elimination Act) housing review by providing her with false and misleading facts of an unspecified nature. *See id*. at 26.

Finally, Plaintiff alleges in count five of her amended complaint that Defendants Strange, Rainer, Bowen, Newton, and Headley violated her Fourteenth Amendment right to equal protection when they "created, approved, imposed and used DOC Policy 490-700." Dkt. 12 at 30. Plaintiff asserts that the policy strips away protections and privileges from transgender inmates that are afforded the rest of the prison population. *Id*. In particular, Plaintiff claims that the policy allows the DOC to remove a transgender person from a prison that matches their gender identity based upon safety concerns, and that this means transgender inmates have to fear being sent to a prison that doesn't match their gender identity any time they receive an infraction or have "a PREA filed on them." *See id*. at 30-32. Plaintiff further claims that if a biological female were to engage in similar behavior, they would still only be housed with women. *Id*. at 32. Plaintiff suggests that changes in the policy, those that render transgender inmates such as

REPORT AND RECOMMENDATION
PAGE - 5

herself vulnerable to transfer to another facility that may not match her gender identity were enacted just to target and "get rid of" her. *Id*. at 33.

After reviewing Plaintiff's amended complaint, this Court concluded that Plaintiff had arguably stated plausible claims for relief against some but not all of the Defendants named therein. Thus, on October 25, 2023, the Court issued an Order declining to serve Plaintiff's amended complaint and granting her leave to file a second amended complaint. Dkt. 13. The Court identified therein, as it had in its Order declining to serve Plaintiff's original complaint, the general pleading standards applicable to actions brought under § 1983, as well as the standards applicable to the specific claims Plaintiff appeared to be asserting in her pleading but had not adequately pled. *Id*. at 5-14. The Court went on to explain the ways in which Plaintiff's claims were either viable or deficient in relation to the applicable standards. *See id*. at 7-14.

First, in analyzing the Eighth Amendment deliberate indifference claims asserted by Plaintiff in counts one and three of her amended complaint, the Court explained that Plaintiff had arguably stated a viable claim for relief as to her claim that Defendant Headley violated her Eighth Amendment rights when she had Plaintiff placed in a suicide smock and strip cell, thereby overriding Plaintiff's IBMP and disregarding the warnings of WCCW mental health staff, and that these actions resulted in self-harm requiring hospitalization. *See* Dkt. 13 at 7-9. The Court also explained that Plaintiff had arguably stated a viable claim for relief as to her claim that Defendants Chanler, Swain, and Mathews violated her Eighth Amendment rights when Defendant Mathews used his position as a correctional officer to sexually abuse her, and when Defendants Chanler and Swain failed to adequately respond to her reports that she was being sexually abused by Defendant Mathews and thus allowed the assaults to continue. *See id*.

at 9.  Finally, the Court explained that Plaintiff had not adequately alleged Eighth Amendment claims against the remaining Defendants named in counts one and three, including Defendants McColl, Boschulte, Simmons, and Cotton.  *See id*. at 2-4, 9.

Next, in analyzing the Fourteenth Amendment procedural due process claim asserted by Plaintiff in count two of her amended complaint, the Court explained that Plaintiff had not established she had a cognizable liberty interest entitling her to due process protections in relation to the disciplinary proceedings and administrative segregation hearing underlying this claim.  Dkt. 13 at 9-11.  As to the conspiracy claim asserted by Plaintiff in count four of her amended complaint, the Court noted that the facts alleged in support of the claim appeared to pertain only to Plaintiff's underlying claim that she was denied procedural due process in relation to disciplinary proceedings and administrative segregation hearing.  *See id*. at 11-12.  The Court explained that because Plaintiff had not alleged a viable due process claim, her conspiracy claim necessarily failed.  *Id*. at 12.

Finally, in analyzing the Fourteenth Amendment equal protection claim asserted by Plaintiff in count five of her amended complaint, the Court explained that the policy challenged by Plaintiff in that claim, DOC Policy 490.700, did not, on its face, reveal any discriminatory intent.  Dkt. 13 at 12-14.  The Court observed as well that Plaintiff had not asserted that the policy was ever applied to her.  *Id*. at 14.  Thus, the Court concluded that Plaintiff had not adequately asserted a viable equal protection claim.  *Id*.

Plaintiff was granted thirty days within which to file a second amended pleading curing the deficiencies noted in the Court's Order declining to serve her amended complaint.  Dkt. 13 at 14.  Plaintiff was advised that if she failed to timely file a second amended complaint, or to correct the noted deficiencies, the Court would recommend that this action be dismissed pursuant

to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) as to Plaintiff's due process, equal protection and conspiracy claims, and as to the deliberate indifference claims asserted against Defendants McColl, Boschulte, Simmons, and Cotton. Dkt. 13 at 14. The Court further advised that it would recommend Plaintiff be permitted to proceed on her deliberate indifference claims against Defendants Headley, Chanler, Swain, and Mathews. *Id*. at 14-15. To date, Plaintiff has filed no second amended pleading.

Because Plaintiff failed to state viable due process, equal protection and conspiracy claims in her amended complaint, and because she has not filed a second amended complaint correcting the deficiencies identified by the Court in relation to those claims, the claims must be dismissed. Similarly, because Plaintiff failed to state viable deliberate indifference claims against Defendants McColl, Boschulte, Simmons, and Cotton in her amended complaint, and because she has not filed a second amended complaint correcting the deficiencies identified by the Court in relation to those claims, those claims must be dismissed as well.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), as to Plaintiff's due process, equal protection, and conspiracy claims, and as to the deliberate indifference claims asserted against Defendants McColl, Boschulte, Simmons, and Cotton. The Court further recommends that Plaintiff's deliberate indifference claims against Defendants Headley, Chanler, Swain, and Mathews be allowed to proceed. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 2, 2024**.

DATED this 5th day of January, 2024.

S. KATE VAUGHAN
United States Magistrate Judge