UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NONNIE MARCELLA LOTUSFLOWER,<br><br>                  Plaintiff,<br><br>   v.<br><br>CHARLOTTE HEADLEY, *et al*.,<br><br>                  Defendants. | Case No. C23-5558-JCC-SKV<br><br>ORDER RE: PLAINTIFF'S PENDING MOTIONS |

## I.    INTRODUCTION

This is a civil rights action filed under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's pending motions for an extension of time (Dkts. 33, 34, 52), for orders directing the Clerk to electronically serve her discovery requests (Dkts. 35, 41), for contempt (Dkts. 42, 54), for issuance of subpoenas (Dkts. 46, 53), for appointment of counsel (Dkt. 44), to object to the use of her infractions (Dkt. 50), and to compel discovery (Dkt. 51). Defendants have filed responses to some, but not all, of Plaintiff's requests for relief. *See* Dkts. 38, 48. Five of Plaintiff's motions (Dkts. 50-54) were only recently filed and Defendants have not yet had an opportunity to respond to those requests for relief. However, the Court does not deem any response necessary given the repetitive nature of many of Plaintiff's arguments.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 1

The Court, having now reviewed Plaintiff's motions, Defendants' responses thereto, and the balance of the record, grants in part Plaintiff's motions for an extension of time, and denies all other motions referenced above.[1]

## II. BACKGROUND

Plaintiff is currently confined in the Close Observation Unit at the Washington Corrections Center for Women ("WCCW"). *See* Dkt. 49, ¶ 3. The operative complaint in this action is Plaintiff's amended complaint, filed in August 2023. Dkt. 12. This action is now proceeding only with respect to the deliberate indifference claims alleged by Plaintiff in counts one and three of her amended complaint against WCCW Superintendent Charlotte Headley, former Associate Superintendents Paula Chandler and William Swain, and former Corrections Officer Michael Mathew.[2] *See* Dkt. 15.

On May 15, 2024, the Court issued a Pretrial Scheduling Order which established a deadline of August 13, 2024, for the completion of discovery, and a deadline of September 13, 2024, for the filing of dispositive motions. Dkt. 23. On June 18, 2024, Defendants filed a motion for summary judgment seeking dismissal of all claims asserted against Defendant Headley, arguing that Plaintiff failed to fully exhaust her administrative remedies with respect to those claims. Dkt. 24. That motion was originally noted for consideration on July 19, 2024, but the Court subsequently granted Plaintiff's request for an extension of time to file a response to that motion and extended the noting date to September 17, 2024. *See* Dkts. 27, 30.

---

[1] Plaintiff has also filed motion for a preliminary injunction and temporary restraining order (Dkt. 36) and a motion to amend her motion for a temporary restraining order (Dkt. 45). Those motions will be addressed separately in a Report and Recommendation issued contemporaneously with this Order.

[2] Plaintiff did not provide complete and accurate names for each of these Defendants in her amended complaint, but Defendants filled in this information in their answer to Plaintiff's amended complaint. *See* Dkt. 12 at 3, 6; Dkt. 22 at 2.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 2

On August 26, 2024, Defendants filed a motion to stay the dispositive motion filing deadline established in the Pretrial Scheduling Order pending a ruling on the exhaustion issue presented in their summary judgment motion, explaining that they intend to file a motion for summary judgment on the merits as well. Dkt. 31. The Court issued an Order granting Defendants' motion to stay on September 10, 2024. Dkt. 32.

On September 13, 2024, and again on September 17, 2024, the Court received motions from Plaintiff seeking to extend time "in all matters." *See* Dkts. 33, 34.[3] Specifically, Plaintiff requests a 90-day extension to conduct discovery and to respond to Defendants' pending summary judgment motion. Plaintiff claims that Defendant Headley has made it impossible for her to meet any of the Court's deadlines. Dkt. 33 at 1. Plaintiff maintains that Defendant Headley and others have refused to allow her to have her legal work and that her requests to use the law library have been ignored. *Id*. at 3-4. Plaintiff also asserts that mail directed to the Attorney General's Office containing her discovery requests has been "withheld" and that she needed to have her discovery requests responded to. *See id*. at 1, 4-5. Finally, Plaintiff indicates she needs time to file a motion for preliminary injunction to gain access to her legal work and to the law library. *See id*. at 2, 4.

On October 1, 2024, Plaintiff filed a motion for a preliminary injunction and temporary restraining order ("TRO") pertaining to legal access issues at WCCW. Dkt. 36. On the same date, Plaintiff filed a motion asking that the Court direct the Clerk to electronically serve her discovery requests on Defendants. Dkt. 35. Plaintiff asserts therein that she attempted to mail

---

[3] Plaintiff's two motions appear to be identical. *See* Dkts. 33, 34. It is unclear why Plaintiff deemed it necessary to submit the same motion twice.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 3

the discovery requests to Defendants, but the mail was blocked and ultimately returned to her. *Id*.

On October 4, 2024, Defendants filed a response to Plaintiff's motion for a preliminary injunction and TRO, and to her two motions for extension of time. Dkt. 38. Defendants submitted in support of their response a declaration from Melissa Johnson, a Legal Liaison Officer at WCCW. Dkt. 39. Defendants assert in their response that Plaintiff has no mailing restrictions and has access to incoming and outgoing mail. Dkt. 38 at 2; Dkt. 39, ¶ 5. Defendants further assert that Plaintiff also had access to a Securus tablet though which she could access legal research materials, but she destroyed her tablet about a year ago and will not be issued a new one until she pays restitution for the destroyed tablet. *Id.* In addition, Defendants explain that the facility's law librarian is responsible for federal district court e-filing, which requires that she monitor the e-filing in-box and deliver all incoming e-filings to inmates, and also that she e-file documents at the request of inmates. Dkt. 38 at 3; Dkt. 39, ¶ 12. According to Defendants, delivery of e-filings may occur through in-facility mailing, or they may be hand delivered to the inmate. *Id*.

Defendants assert that because Plaintiff is currently in restricted housing, the librarian visits her housing unit "periodically during the week" to hand deliver in-coming e-filings and/or to see if individuals housed in that unit have documents to be e-filed. Dkt. 38 at 3; Dkt. 39, ¶ 12. Defendants further assert that Plaintiff has no restrictions on sending or receiving e-filings, and they claim that the librarian attempts to provide Plaintiff with e-filings within a couple of days of their receipt. *Id*.

Defendants also note in their response that Plaintiff has amassed a number of serious infractions over the past several months for conduct which includes covering her cell window to

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 4

1  prevent staff from seeing her, threatening harm against staff, breaking the sprinkler system in her

2  cell, and using discriminatory language against a staff member.  Dkt. 38 at 3; *see also* Dkt. 39, ¶¶

3  6-9, 11 and Exs. 2-5, 8.  Defendants representations relating to Plaintiff's legal access and her

4  infraction history are supported by the declaration of Ms. Johnson.  *See* Dkts. 38, 39.  These

5  filings, *i.e.*, Defendants' response and, in particular, Ms. Johnson's declaration, led to a flurry of

6  additional submissions from Plaintiff.

7        On October 8, 2024, Plaintiff filed a motion seeking to have Ms. Johnson held in

8  contempt based upon purported lies contained in her declaration.  Dkt. 42.  On the same date,

9  Plaintiff filed a second motion asking that the Court direct the Clerk to electronically serve

10 discovery requests on Defendants.  Dkt. 41.  Two days later, on October 10, 2024, Plaintiff filed

11 a motion for appointment of counsel (Dkt. 44), a motion to amend her TRO (Dkt. 45), and a

12 request that a subpoena be issued directing Ms. Johnson to appear and produce records relating

13 to Plaintiff's motion for contempt (Dkt. 46).  All of these motions relate in some fashion to legal

14 access issues at WCCW.  Among the arguments Plaintiff makes in these motions is that

15 Defendants have blocked her efforts to replace her Securus tablet despite her having deposited

16 the necessary funds in her Securus media account, and that the law librarian does not visit the

17 segregation unit weekly.  *See* Dkt. 42 at 2-4; Dkt. 44 at 2; Dkt. 45-1 at 3.

18       On October 23, 2024, Defendants filed a response to Plaintiff's various motions, together

19 with a declaration from WCCW Associate Superintendent Kari Figueira.  Dkts. 48, 49.

20 Defendants reiterate in their response many of the facts alleged in their response to Plaintiff's

21 motions for extension of time and her original motion for a preliminary injunction and TRO.  *See*

22 Dkt. 48 at 2-5.  In addition, Defendants maintain that Plaintiff's behavior has necessitated

23 implementation of certain restrictions due to safety concerns, including a paper restriction

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 5

1    limiting Plaintiff to 15 pages at a time because of her continued use of paper to cover her cell

2    windows which prevents staff from seeing inside Plaintiff's cell.  *Id*. at 3; Dkt. 49, ¶ 4.

3    Defendants also suggest that regardless of any efforts by Plaintiff to acquire a new Securus

4    tablet, access to a tablet would in any event be restricted due to current safety concerns.  *Id*. at 3;

5    Dkt. 49, ¶ 6.

6           Defendants continue to represent to the Court that the librarian visits Plaintiff's housing

7    unit periodically during the week to see if individuals confined in restrictive housing have any

8    documents to e-file and/or to deliver incoming e-filings, and they also maintain that Plaintiff has

9    access to e-filing and legal mail by sending requests to the WCCW law librarian.  *See* Dkt. 48 at

10   4; Dkt. 49, ¶ 5.  Defendants assert that Plaintiff's e-filing requests have been documented and her

11   access to incoming and outgoing mail has been logged.  *See id*.

12          Defendants further assert that the facility is making accommodations for Plaintiff's

13   requests for legal research materials.  Dkt. 48 at 4; Dkt. 49, ¶ 6.  Defendants explain that

14   Plaintiff's requests are made through the facility's law librarian who provides her with physical

15   reference materials and polices for review, assuming they can be provided safely.  *See id*.

16   Defendants further explain that efforts are being made to provide Plaintiff with access to a

17   computer to conduct legal research.  *See id*.  While not yet available at the time Defendants filed

18   their brief on October 23, 2024, Defendants indicated such access would be available "hopefully

19   within the next several days."  *See id*.  Defendants also make clear, however, that access to all of

20   these resources will be based on legitimate security concerns existing at the time the resources

21   are available.  *See id*.  Finally, Defendants note that despite Plaintiff's allegations regarding the

22   adequacy of the legal access afforded her, she has filed no complaints regarding inadequate legal

23   access through the DOC's resolution program this year.  Dkt. 48 at 5.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 6

Defendants' response and Ms. Figueira's declaration prompted another flurry of submission from Plaintiff, including motions to object to the use of Plaintiff's infractions (Dkt. 50), to compel discovery (Dkt. 51), to extend time (Dkt. 52), and to subpoena Ms. Figueira and hold her in contempt (Dkts. 53, 54).  Also included in Plaintiff's recent spate of filings is a reply brief in support of her previously filed motions (Dkt. 56) and a declaration of Plaintiff (Dkt. 55). Plaintiff's recent motions again relate primarily to legal access issues at WCCW and repeat many of the arguments made by Plaintiff in earlier submissions.  However, of particular note in Plaintiff's recent submissions are her representations that she is not on a paper restriction, she has access to all of her papers, and the law librarian is not providing legal reference materials as Defendants represent in their most recent response.  *See* Dkt. 50, ¶ 9; Dkt. 55, ¶¶ 5, 10, 12, 22. As noted above, Defendants have not responded to Plaintiff's most recent series of motions, but the Court does not deem a response necessary at this juncture.

### III.     DISCUSSION

The Court first observes that Plaintiff's submission of 14 motions in a period of less than two months is excessive by any measure.  Plaintiff's motions contain repetitive arguments, many on collateral issues, and do little to help advance this action.  The Court understands Plaintiff's concerns regarding legal access and will address those concerns herein.  Plaintiff is advised, however, that her motion practice of late is becoming obstructive and the Court will not tolerate this ongoing abuse of process.  The Court now turns to the substance of Plaintiff's motions.

#### A.     Motions for Extension of Time and Legal Access

Plaintiff's motions for an extension of time (Dkts. 33, 34, 52) are GRANTED in part. Plaintiff, in her original motions for extension of time, requests a 90-day extension "in all matters."  Plaintiff's more recent motion for extension of time is somewhat confusing but

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 7

arguably encompasses her original request for a 90-day extension of time. Plaintiff claims that Defendant Headley has made it impossible for her to meet any of the Court's deadlines, that she did not actually know the deadlines, and that she has been denied access to her legal work and the law library. *See* Dkts. 33, 34. Plaintiff also claims that discovery materials she attempted to send to Defendants' counsel were never mailed out. *See id*.

It is difficult to discern from the various briefs in the record what, if any, access to legal research materials Plaintiff is currently receiving. However, this action can only move forward if some form of legal access is provided. The Court will not mandate the form such access must take, but Defendants are advised that they must develop some form of legal access scheme that gives Plaintiff's reasonable and reliable access to the legal resources necessary to litigate this action.[4] The Court, in imposing such a requirement, does not intend to limit Defendants' ability to place reasonable restrictions on Plaintiff's ability to access such resources should safety and security concerns necessitate such restrictions. However, it is untenable to have no process in place in the first instance. The Court will establish below a deadline for Defendants to put in place a plan for providing Plaintiff access to legal resources, assuming such access has not already been provided.

Given that there are questions about the amount of access to legal resources Plaintiff has been afforded to date and given that the original discovery deadline has now passed as has the deadline for Plaintiff to file a response to Defendants' pending motion for summary judgment,

---

[4] Plaintiff presents a significant amount of argument concerning her efforts to replace her Securus tablet, claiming that Defendant Headley has obstructed her ability to replace the tablet even though she has the money to do so. Plaintiff is advised that the Court will not mediate any dispute she is engaged in with Defendant Headley concerning replacement of the tablet. As noted, the Court will require only that some form of legal access be provided to her, it will be up to the facility to determine the appropriate mechanism for doing so.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 8

the Court will establish new deadlines with respect to Defendants' summary judgment motion. While the exhaustion question at issue in Defendants' motion should not necessitate extensive discovery, the Court will allow Plaintiff a brief period of additional time to conduct discovery related solely to that issue. The Court will establish below a deadline for this limited discovery and a new deadline for Plaintiff to file a response to Defendants' summary judgment motion. Once that motion is resolved, the Court will establish a deadline that will allow the parties to conduct discovery related to any issues that remain following disposition of Defendants' motion.

**B.   Motions re: Discovery**

Plaintiff's motions for orders directing the Clerk to serve Plaintiff's discovery requests (Dkts. 35, 41), and Plaintiff's motion to compel discovery (Dkt. 51), are DENIED. Plaintiff appears to base these motions on mail that she claims was not properly processed almost three months ago. The Court is satisfied that Plaintiff has access to mail services and, given that Plaintiff's incoming and outgoing legal mail is apparently being logged, any disruptions in mail service should be well documented and therefore relatively easy to identify and remedy.

**C.   Motion for Contempt**

Plaintiff's motions for order of contempt against Melissa Johnson (Dkt. 42) and Kari Figueira (Dkt. 54) are DENIED, as are her related requests for issuance of subpoenas to these two individuals (Dkts. 46, 53). Plaintiff argues that orders of contempt are appropriate because these individuals allegedly made misrepresentations in the declarations that accompanied Defendants' responses to Plaintiff's various motions. *See* Dkts. 42, 54. Plaintiff, however, does not identify any Order of this Court that either Ms. Johnson or Ms. Figueira has disobeyed and therefore a finding of contempt would be improper. Moreover, the fact that Plaintiff disagrees with the content of a declaration does not render the representations made therein sanctionable.

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 9

In the future, if Plaintiff takes issue with representations made in a response to one of her motions, the appropriate way to address that would be to file a reply brief in support of her motion, together with a declaration of her own, countering the alleged misrepresentations.

### D. Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (Dkt. 44) is DENIED. This is Plaintiff's second motion for appointment of counsel. Plaintiff requested counsel very early in the life of this action, before she had submitted any viable pleading to the Court, and that motion was denied. *See* Dkts. 8, 11. Plaintiff now renews her request for counsel, arguing that appointment of counsel is warranted because she has no access to a law library or legal materials, she does not receive documents e-filed by the Court or receives them late, and discovery requests directed to Defendants' counsel were previously blocked and sent back to her after two months. *See* Dkt. 44. Plaintiff asserts as well that she cannot collect statements from witnesses to Defendant Mathew's alleged sexual abuse because those witnesses are no longer in prison, that she has mental health issues and learning disabilities, and that an investigation into Defendant Mathew's conduct confirmed that he sexually abused Plaintiff and, thus, her case has merit. *See id*.

In her reply brief in support of her motion for counsel, Plaintiff references again her need to contact witnesses outside of prison, and the problems she experienced sending her earlier discovery requests to Defendants. *See* Dkt. 56 at 2. She suggests that this case is complex and will likely involve conflicting testimony, and she emphasizes again the handicap that here mental illness presents. *See id*. at 1-2. Finally, Plaintiff reiterates her contention that her case has merit, at least with respect to the claims asserts against Defendants Chandler, Swain and Mathew. *See id*. at 1.

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the Plaintiff to articulate her claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

As explained above, the Court is taking steps to address the legal access issues Plaintiff complains of and Plaintiff's complaints about discovery having been "blocked" refer to events that occurred months ago.  The Court is satisfied that the legal access issues will be rectified in short order and that processes are in place to address Plaintiff's mail and e-filing issues.  As to Plaintiff's claim that she has mental health issues and learning disabilities, she fails to demonstrate that these alleged disabilities will interfere with her ability to litigate this action.  While Plaintiff submits an abundance of motions, many of which are repetitive and unnecessary, her submissions to date give no indication that she lacks the competence to litigate this action without assistance.  Similarly, Plaintiff's suggestion that the case is too complex for her to litigate without assistance lacks support in the record.

To the extent Plaintiff expresses concerns about her ability to obtain witness statements pertaining to her claims against Defendant Mathew, she has identified a challenge typical of those faced by prisoners litigating actions from within the confines of a correctional facility, a challenge which, by itself, does not constitute extraordinary circumstances.  With respect to Plaintiff's argument that appointment of counsel is appropriate because there is likely to be

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 11

conflicting testimony in this case, she raises a concern that goes to the issue of whether counsel would be better able to cross-examine witnesses at trial. However, it is too early in the life of this action for the Court to assess whether the case is likely to proceed to trial. Similarly, the record in this action is not yet sufficiently developed for the Court to make any determination as to whether Plaintiff is likely to succeed on the merits of her claims. For these reasons, Plaintiff has not demonstrated that her case involves exceptional circumstances which warrant the appointment of counsel.

### E. Motion to Object

Plaintiff's motion to object to the use of her infractions (Dkt. 50) is DENIED. Plaintiff requests in her motion that the Court strike from the record all references to her infraction history, and she appears to suggest that her infractions are not relevant to the issues pending before the Court. Plaintiff has not provided any legal basis for striking the references to her infraction history. That Plaintiff believes the information is irrelevant or misleading does not render its inclusion in the record improper.

### IV. CONCLUSION

In summary, the Court ORDERS as follows:

(1) Defendants shall ensure that there is a system in place that provides Plaintiff with reasonable access to legal resource materials not later than **December 2, 2024**. Plaintiff is advised that once such a system is established, Defendants may nonetheless place restrictions on her legal access if such restrictions are reasonably related to legitimate safety and security concerns.

(2) Plaintiff's motions for extension of time (Dkts. 33, 34, 52) are GRANTED in part. Discovery related to the issue of exhaustion of administrative remedies must be completed not

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 12

later than **December 31, 2024**. Plaintiff's response to Defendants' pending motion for summary judgment must be filed not later than **January 30, 2025**. Defendants' motion for summary judgment (Dkt. 24) is RE-NOTED on the Court's calendar for consideration on **February 6, 2025**. Any reply brief must be filed by that date. Plaintiff is advised that no further extensions of time will be granted with respect to Defendants' motion for summary judgment. If Plaintiff fails to file a response by the deadline set forth above, the Court will rule on Defendants' motion based solely on the briefing they have provided.

(3) Plaintiff's motions for orders directing the Clerk to electronically serve her discovery requests (Dkts. 35, 41), for contempt (Dkt. 42, 54), for issuance of subpoenas (Dkts. 46, 53), for appointment of counsel (Dkt. 44), to object to the use of Plaintiff's infractions (Dkt. 50), and to compel discovery (Dkt. 51) are DENIED.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John C. Coughenour. **Defendants' counsel shall ensure that WCCW staff deliver this Order to Plaintiff in a timely fashion and shall provide notice to the Court confirming such delivery.**

DATED this 15th day of November, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: PLAINTIFF'S
PENDING MOTIONS - 13